UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BILLY SMITH ET AL | CIVIL ACTION NO. 23-cv-925 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| GREAT DIVIDE INSURANCE CO ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Chuck and Kimberly Smith ("Plaintiffs") filed suit in state court after they were injured in a traffic accident. They named as defendants the drivers of two other vehicles, as well as those drivers' employers and insurers. The defendants associated with one of the other vehicles ("Marshall Defendants") removed the case based on diversity jurisdiction. The Marshall Defendants acknowledged that the driver of the third vehicle (Angela Snow) and her employer (Fluid Disposal Specialties, Inc.) shared Louisiana citizenship with Plaintiffs, which would appear to preclude diversity jurisdiction, but they urged that the citizenship of the Snow Defendants should be ignored because they were improperly joined.

Before the court is Plaintiff's Motion to Remand (Doc. 12) that challenges the improper joinder plea. For the reasons that follow, it is recommended that the motion to remand be granted. Plaintiffs have pled a plausible negligence claim against the Snow Defendants, and the court should exercise its discretion and not pierce the pleadings to conduct the merits review urged by the Marshall Defendants.

**Improper Joinder**

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal. To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed. Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968). The Fifth Circuit uses the term "improper joinder" to describe the doctrine. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood, 385 F.3d at 573. Only the second way is argued in this case. To prevail, the removing defendant must show that there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the non-diverse defendant. Id.; Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).

The "no reasonable basis" contest may take place in two different settings: (1) a Rule 12(b)(6)-type challenge to the pleadings alone or (2) an effort to pierce the pleadings and demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail. "[A] court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." International

Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 207 (5th Cir. 2016).

**Relevant Facts**

    A. **Plaintiffs' Allegations**

Plaintiffs allege in their state court petition that they were driver and passenger in a Lincoln Navigator traveling west on U.S. Highway 84 approaching the Mundy Landfill in DeSoto Parish when, at the same time, Angela Snow left the landfill in a Kenworth truck by making a left turn from the landfill driveway to proceed east on Highway 84.  Petition, ¶¶ 4.1-4.3.  At the same time, defendant Shane Marshall was driving a Chevrolet Silverado eastbound on Highway 84 and approaching the landfill, "when suddenly and without warning, in an effort to avoid a rear-end collision with the Snow truck, the Marshall truck steered to the left and crossed into the westbound lane of travel of U.S. Highway 84 causing a high speed head on collision with Petitioners' vehicle."  ¶ 4.4.

Plaintiffs allege that Marshall was an employee of James Harshman, LLC, and he was acting in the course and scope of his employment at the time of the accident.  The petition alleges that Marshall was negligent for a variety of reasons.  Plaintiffs also allege that Harshman was insured by Great Divide Insurance Company and excess carrier Nautilus Insurance Company.  ¶¶ 5.1-8.3.

Plaintiffs allege that Angela Snow was acting in the course and scope of her employment with Fluid Disposal Specialties, Inc. and that Fluid Disposal was insured by Zurich American National Insurance Company.  ¶¶ 10.1-11.1.  Both plaintiffs assert injuries to several parts of their bodies, some of which may require surgery.  ¶¶ 12.1-12.6.

Particularly relevant to the improper joinder plea, Plaintiffs allege that Angela Snow was at fault for making an improper left turn, failing to yield to oncoming traffic, impeding the normal flow of traffic, and otherwise failing to operate her truck in a safe manner. ¶ 9.1. Plaintiffs allege that Fluid Disposal is vicariously liable for Snow's fault and bears independent negligence for failing to properly train its driver, negligent entrustment of a vehicle, negligent hiring, and the like. ¶¶ 10.4-10.6.

### B. The Evidence

The Marshall Defendants' notice of removal acknowledged that improper joinder may be assessed by a Rule 12(b)(6)-type analysis or by piercing the pleadings to conduct a summary inquiry. They urged the court to pierce the pleadings and conduct a summary analysis, but they did not attach any evidence to their notice of removal. Rather, the notice merely alleged that "there is no evidence that Snow contributed to the accident" so that the non-diverse citizenship of Fluid Disposal and Snow should be disregarded. Notice of Removal, ¶¶ 28-32. The Marshall Defendants did assert in their notice, without any supporting evidence, that "the accident occurred when Marshall was trying to pass Snow who was travelling in front of Marshall, as Snow was proceeding east in Fluid Disposal's 2014 Kenworth tractor." They added that Plaintiffs could not establish a cause of action against Fluid Disposal and Snow because Snow did not strike either the Plaintiffs' or Marshall's vehicle and merely continued to proceed east on Highway 84 when the accident happened. ¶¶ 4 & 28.

Plaintiffs argue in their motion to remand that the allegations in their petition state a claim for negligence against Snow and Fluid Disposal that survives Rule 12(b)(6)-type

assessment. They also argue that, should the court exercise its discretion to pierce the pleadings, it should recognize that (1) the Marshall Defendants misstated Plaintiff's allegations and (2) the accident report and a state trooper's body camera footage provide evidence that supports possible liability of the Snow Defendants. Plaintiffs address the Marshall Defendants' contention that Snow did not strike either of the other vehicles by pointing to the accident report's indication that the right rear quarter panel of the Marshall truck contacted the left rear corner of the Snow truck as Marshall swerved to go around Snow. The body camera footage allegedly includes Marshall telling the officer that, when he topped a hill, Snow's truck was "right there" and going "really slow" and required him to hit the brakes and clip the Snow truck before colliding head-on with Plaintiffs' vehicle. Plaintiffs also point to a written statement from Marshall's coworker Devin Mangrum, who wrote at the scene of the accident that the Snow truck was "swerving and losing control" before the accident.

The Marshall Defendants argue in their opposition to the motion to remand that the diagram from the police report, body camera footage, and Mangrum's statement are all inadmissible hearsay. They urge the court to instead consider unsworn declarations from Marshall and Mangrum made pursuant to 28 U.S.C. § 1746, which have the same force and effect as an affidavit. Shane Marshall states in his declaration that he was proceeding eastbound on Highway 84 for several minutes before he saw Snow's dump truck. When he first saw Snow's truck, she was in the right-hand lane eastbound without any cars in front of her or between the two of them. Marshall stated that he did not see Snow make a left-hand turn from the landfill onto Highway 84, and she was already on Highway 84 when

he saw the truck. Devin Mangrum states in his declaration that he was driving behind Marshall. He also states that he first saw Snow's truck as she was driving eastbound and that he did not see Snow make a left-hand turn from the landfill onto Highway 84.

**Analysis**

The removing defendants have the burden to show that there is no reasonable basis for the court to predict that Plaintiffs' might be able to recover against the Snow Defendants in state court. Smallwood, 385 F.3d at 573. They may attempt to meet their burden by either challenging the pleadings alone in a Rule 12(b)(6)-type challenge or attempt to pierce the pleadings and demonstrate by summary judgment-type evidence that Plaintiffs are unable to prove the facts necessary to prevail. Defendants do not truly argue that Plaintiffs' petition fails to state a claim for negligence against Snow and Fluid Disposal. They attempt to recharacterize the facts (eliminating the allegation in the petition that the Snow truck exited the landfill in front of Marshall "at the same time" as Plaintiffs and Marshall were about to meet on Hwy. 84) and suggest that those recharacterized facts do not make out a claim.

When an improper joinder plea is assessed under the Rule 12(b)(6) approach, the state court petition is reviewed under the federal pleading requirements of Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), which require that the petition provide a plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level and state a claim that is plausible on its face. International Energy Ventures Management, LLC, 818 F.3d at 200-208.

Plaintiffs point to Louisiana law that requires a driver such as Snow, who is about to enter or cross a highway from a private road or driveway, to stop and yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. La. R.S. 32:124. Louisiana intermediate courts have repeatedly stated that "the driver entering a highway has the *primary duty* to avoid a collision" and is required to show an "*[u]nusual, extreme, and high care* toward favored traffic." Walley v. Vargas, 104 So.3d 93, 105 (La. App. 1st Cir. 2012) (emphasis in original); see also Griffin v. City of Monroe, 61 So.3d 846, 850 (La. App. 2d Cir. 2011) (driver entering the highway has a "high duty which requires the entering driver to use every reasonable means available to make sure that he can safely enter the highway"). Judge Hicks recently applied these duties to grant summary judgment for a plaintiff who was injured when the defendant pulled out of a parking lot into the plaintiff's lane of travel. Anthony v. Progressive Cnty. Mut. Ins. Co., 2022 WL 2761331, *2 (W.D. La. 2022). State law also provides that a person operating a motor vehicle on a highway is obligated to not do so at such a slow speed as to impede the normal and reasonable movement of traffic. La. R.S. 32:64.

Plaintiffs allege that Snow turned from the landfill onto the highway and Marshall, in an effort to avoid a rear-end collision with the Snow truck, steered to the left and caused a head-on collision with Plaintiffs' vehicle. Those allegations are sufficient to allege a plausible claim that Snow was at least partially at fault for entering the highway instead of yielding to Marshall, or entering at such a slow speed that Marshall's reasonable movement was impeded. Plaintiffs' claims against Snow and Fluid Disposal survive review under Rule 12(b)(6)-type review.

"Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Smallwood, 385 F.3d at 573. "That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." Id. "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id. The Marshall Defendants attempt to shoulder their burden by piercing the pleadings in a summary inquiry.

Piercing the pleadings should not be a full-blown merits contest equivalent to a motion for summary judgment. Rather, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Guillory v. PPG Industries, Inc., 434 F.3d 303, 311 (5th Cir. 2005), quoting Smallwood, 385 F.3d at 574. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state (or non-diverse) defendant alleged to be improperly joined." Smallwood, 385 F.3d at 574. Smallwood provided examples of the type of inquiry appropriate under a pierce-the-pleadings inquiry: "For example, the in-state doctor defendant did not treat the plaintiff, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that can easily be disproved if not true." Smallwood, 385 F.3d at 574 n. 12, citing Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003).

This is not a case where a misstated or omitted discrete fact (e.g., Snow is not a Louisiana citizen, or Snow was not the driver of the truck) precludes recovery against Snow and Fluid Disposal. Plaintiffs have squarely alleged negligence by those defendants, and the evidence shows that Snow was certainly involved in the accident. Her precise role is debated. Plaintiffs (who were there) allege that Snow turned left from the landfill in front of Marshall. Defendants contend that there is no evidence of such a turn, which they base on the statements from Marshall and Mangrum that they did not witness such a turn before they popped over a hill and saw Snow driving eastbound down Hwy. 84. Even if the Marshall Defendants are correct that Snow did not turn out of the landfill, which is far from a discrete and undisputed fact, the relative speed of the Snow vehicle is unknown.

Defendants essentially argue that Plaintiffs will not be able to prove their allegations against Snow, but that is not the standard for improper joinder. The heavy burden in this contest is on Defendants. And a "summary inquiry" should not be confused with a "summary judgment inquiry." In a summary inquiry, the court considers summary-judgment type evidence, but "the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal." Davidson v. Georgia-Pac., L.L.C., 819 F.3d 758, 766 (5th Cir. 2016). Defendants must put forward evidence "that would negate a possibility of liability" on the part of Snow and Fluid Disposal, and "simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for [Plaintiffs] to establish [the Snow Defendants'] liability at trial." Travis, 326 F.3d at 650-651. Even "a meritless claim

against an in-state defendant is not the equivalent of improper joinder." Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 284 (5th Cir. 2007).

In the few scenarios in which it is appropriate, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Smallwood, 385 F.3d at 573. The best exercise of the court's discretion in this case is to decline to pierce the pleadings and further explore that claim against the Snow Defendants. The Marshall Defendants are not entitled to a federal forum merely because the Plaintiffs may not be able to muster all their evidence and prove their case against the non-diverse defendants at this preliminary stage of the litigation. The Marshall Defendants are asking the court to proceed far beyond a summary process that reveals undisputed facts that quickly resolve the diversity issue. They ask the court to engage in a process that, as warned against by Smallwood, would go to a resolution of the merits before discovery has even started.

Judges in this division have previously declined similar requests to pierce the pleadings. Daniels v. Tauren Exploration, Inc., 2009 WL 3188463 (W.D. La. 2009) (Hicks, J.) (declining to pierce pleadings when defense offered inconsistent supporting evidence and claim warranted discovery before it could be fairly resolved); Chhetri v. Wal-Mart Stores, Inc., 2010 WL 996428 (W.D. La. 2010) (Hicks, J.) (pierced pleadings argument rejected when there was an issue of fact as to whether in-state pharmacist filled the prescription); Hall v. Etheredge Elec. Servs., LLC, 2020 WL 6948179 (W.D. La. 2020) (Hornsby, M.J.) (pierced pleadings argument rejected when facts regarding malfunctioning equipment and related communications were unsettled); and Grice v. Toney, 2018 WL 719053 (W.D. La. 2018) (Hornsby, M.J.) (declining to pierce pleadings when petition

alleged fault of DOTD and defendants' argument amounted to full-blown liability merits contest).

The trier of fact may ultimately conclude that the Snow Defendants had no fault in connection with the accident, but the Marshall Defendants have not met their heavy burden of demonstrating that there is "no reasonable basis" to predict that the Plaintiffs might recover against the Snow Defendants. Plaintiffs' allegations against the Snow Defendants survive a Rule 12(b)(6)-type challenge, and the court should decline to conduct a summary inquiry in this case where there is no showing of a discrete and undisputed fact that precludes the possibility of such liability. The Snow Defendants are viable defendants whose citizenship may not be ignored under the improper joinder doctrine. Plaintiffs' motion to remand should be granted.

**Attorney Fees**

An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiffs ask for an award of fees and costs under the statute. The request should be denied.

There is no presumption in favor of awarding fees following a remand, and the use of the term "may" in Section 1447(c) leaves the district court with discretion, with no heavy congressional thumb on either side of the scales. Martin v. Franklin Capital Corporation, 126 S.Ct. 704 (2005). That discretion is to be guided by the standard that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 711. "Conversely, when an objectively reasonable basis exists, fees should be denied." Id; Omega Hosp.,

LLC v. Louisiana Health Service & Indem. Co., 592 Fed. App'x 268 (5th Cir. 2014) (reversing award of fees because there was an objectively reasonable, although unsuccessful, basis for removal).

The undersigned recommends that the court exercise its discretion to deny fees even though the Marshall Defendants ultimately did not have an objectively reasonable basis to pursue the improper joinder argument. The deadline for removing a case is only 30 days from service. Counsel must act quickly within that time, and a reasonable person could have elected to pursue the improper joinder theory based on the information available at that time. The improper joinder argument was ultimately unsuccessful in this case, due in part to Plaintiffs' well-presented attack on the plea. The best exercise of the court's discretion in this case, considering the facts discussed above, is to deny the request for fees and costs.

Accordingly,

It is recommended that Plaintiffs' Motion to Remand (Doc. 12) be granted by remanding this case to the 42nd Judicial District Court, DeSoto Parish, Louisiana, where it was pending as suit number 084148-A. The motion's request for fees and costs related to the removal should be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of August, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge